```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

```
W. ROBERT COOK              *
                            *
v.                          *
                            *   Civil Action No. WMN-11-2305
HARRY A. BRITTON            *
                            *
                            *
    *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

## MEMORANDUM AND ORDER

Plaintiff holds the patent for a "bitless bridle" and filed this action on August 18, 2011, alleging that Defendant was infringing on that patent. He also alleges that Defendant has engaged in advertising that has disparaged Plaintiff's invention. Defendant's advertisement allegedly stated that Plaintiff's bridle is "not safe to ride with" and is of the "poorest quality [] and workmanship I've ever seen not fit for a dog." Compl., Attach. C. Defendant also allegedly offered Plaintiff's bridles for sale on eBay representing they were of such poor quality they were only good for parts. Id.

In addition to a patent infringement claim, Plaintiff asserted a claim for False Advertising in violation of 15 U.S.C. § 1125(a) and a state law[1] claim for "Injurious Falsehood." On

---

[1] Plaintiff does not specify which state's law applies to this claim. Defendant assumes, and Plaintiff does not contest, that the claim is governed by Maryland law as the alleged economic harm to Plaintiff occurred in Maryland. See Hauch v. Connor,

September 27, 2011, Plaintiff filed a First Amended Complaint adding a count for declaratory judgment and adding factual allegations in support of that count.  On October 11, 2011, Defendant filed a motion to dismiss Count III, the "injurious falsehood" claim, asserting that Plaintiff failed to plead special damages with sufficient particularity.  ECF No. 9.

On October 28, 2011, Plaintiff filed an opposition to Defendant's motion.  On that same date, however, Plaintiff filed a Motion for Leave to File a Second Amended Complaint attaching an amended pleading which includes additional factual support for his injurious falsehood claim.  Plaintiff represented that Defendant consented to the motion for leave to amend and the Court granted the motion on November 1, 2011.

Notwithstanding his consent to the motion for leave to file the Second Amended Complaint, Defendant filed a reply in further support of his previously filed motion to dismiss Count III.[2]  Defendant contends that, even as amended, the Second Amended Complaint fails to state a claim for injurious falsehood.  The Court disagrees and will deny the motion.

---

453 A.2d 1207, 1209 (Md. 1983) (noting that Maryland applies the rule of lex loci delicti).

[2] Typically, the filing of an amended complaint would moot any pending motion to dismiss.  It is also the typical practice that, when a defendant believes a proposed amended complaint would not rehabilitate the challenge claim or claims, the defendant would oppose the amendment on the ground of futility rather than consent to the motion for leave to amend.

Under Maryland law, a complaint for injurious falsehood must allege: (1) the defendant published a falsehood which tended to disparage the quality, ownership or rights of the plaintiff's property; (2) the defendant acted with actual malice or with reckless disregard for the truth; and (3) the falsehood played a material and substantial part in inducing others not to deal with the plaintiff, and that as a result the plaintiff suffered special damage.  Horning v. Hardy, 373 A.2d 1273, 1278 (Md. Ct. Spec. App. 1977).  As to the special damage requirement, Rule 9(g) of the Federal Rules of Civil Procedure requires that when they are pleaded, special damages "must be specifically stated."  This heightened pleading requirement serves not only to provide greater notice to the defendant, but also to allow a court to discover groundless claims and dismiss them earlier in litigation.  Brown & Williamson Tobacco Corp. v. Jacobson, 713 F.2d 262, 270 (7th Cir. 1983).

In his motion to dismiss, Defendant contends that Plaintiff had failed to state a claim for injurious falsehood because he "[did] not identify any lost customers" attributable to Defendant's disparaging remarks.  Mot. at 8; see also id. at 11 (asserting that the claim should be dismissed because Plaintiff "fails to allege loss of particular customers or a general loss in Plaintiff's business").  In his Second Amended Complaint, Plaintiff addressed that challenge by naming three specific

3

former customers that now purchase from Defendant. One specifically identified eBay customer allegedly "began purchasing from Defendant only days after the false, disparaging statements set forth in Exhibit C were published by Defendant." Second Am. Compl. ¶ 29.

In his Reply, Defendant suggests that Plaintiff has insufficiently pled causation, i.e., that "Plaintiff fails to allege that the identified customers were lost due to the alleged disparaging statements. . . ." Reply at 10. The Court, however, is satisfied that Plaintiff has sufficiently connected Defendant's statements to the loss of specific customers. Defendant posted his targeted attack on Plaintiff's products and within days a customer who had been buying bridles from Plaintiff began buying products from Defendant instead. That immediate temporal connection is sufficient to establish the requisite causation, at least at this stage in the litigation.

Accordingly, IT IS this 3rd day of January, 2012, by the United States District Court for the District of Maryland, ORDERED:

(1) That Defendant's Motion to Dismiss Count Three, ECF No. 9, is DENIED; and

(2) That the Clerk of the Court shall mail or transmit a copy of this Memorandum and Order to all counsel of record.

```
              _____/s/_____
              William M. Nickerson
              Senior United States District Judge
```