**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Baltimore Division**

W. ROBERT COOK            *

                                 *

v.                        *   Civ. No. WMN-11-2305

                                 *

HARRY A. BRITTON          *

                                 *

 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM**

Before the Court is a motion to dismiss, ECF No. 30, filed

by Counter-Defendants, W. Robert Cook and The Bitless Bridle,

Inc.  The motion has been fully briefed.  Upon review of the

pleadings and the applicable case law, the Court determines that

no hearing is necessary, Local Rule 105.6, and that the motion

will be denied.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff and Counter-Defendant, W. Robert Cook ("Cook")[1] is

the owner of a patent for an invention known as the "bitless

bridle."  The patented invention is designed to "humanely,

physiologically, and effectively" restrain horses and other

animals.  ECF No. 13 at 3.

On or about August 2010, Cook became aware that Harry A.

Britton, Defendant and Counter-Plaintiff, was selling a bitless

---

[1] Counterclaims have been filed against both Plaintiff W. Robert
Cook and the corporation through which he sells his bridles, The
Bitless Bridle, Inc.  For the purposes of this opinion,
Plaintiff and that corporation will be collectively referred to
as "Cook."

bridle on eBay that contained features that Cook believed were protected by his patent.  Cook alleged that Britton advertised Britton's product to be the same as Cook's product.  Cook and his agent then contacted Britton and insisted that he cease producing and selling the product.  Britton refused, and not only continued to produce and sell the product, but allegedly began posting false and disparaging statements on the internet about Cook's bridles.  Cook filed an action against Britton asserting claims for patent infringement, false advertising, injurious falsehood, and declaratory judgment.

In response, Britton filed a Motion to Dismiss Cook's claims, which was denied by the Court.  Britton also filed counterclaims, which he subsequently amended.  Count XIII of the Amended Counterclaims alleges that Cook intentionally interfered with Britton's prospective economic relations with potential eBay customers.  In response to the counterclaims, Cook has filed a motion to dismiss Count XIII of the Amended Counterclaims for failure to state a claim.

## II. LEGAL STANDARD

In evaluating a Rule 12(b)(6) motion to dismiss, the plaintiff must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  To be facially plausible, the plaintiff must plead sufficient factual content that would allow a court to draw the reasonable

inference that the defendant is liable for the misconduct alleged.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  The complaint must be more than a "formulaic recitation of the elements of a cause of action" and must be supported by factual allegations that "raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.

The court must then accept all well-pled factual allegations of the complaint as true, and must construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997) (citing Little v. Fed. Bureau of Investigation, 1 F.3d 255, 256 (4th Cir. 1993)).

## III. DISCUSSION

### A. The law of which state to be applied

States have the power to determine whether a matter is to be governed by the law of the forum state or by some other law. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941).  A federal court must conform to the choice of law rules prevailing in the forum state in which it sits.  Id. at 496. The state of Maryland follows the rule of lex loci delicti, which mandates that tort actions are governed by the substantive law of the state where the wrong occurred.  Hauch v. Connor, 453 A.2d 1207, 1209 (Md. 1983).

In his complaint, Britton alleges that Cook interfered with his prospective economic relations with his potential customers by causing eBay to remove Britton's open action listings.  In his opposition to the motion to dismiss, he argues that, under Maryland's choice of law rules, Count XIII arises under Tennessee law because the harm occurred in Tennessee, the state from which he operates his business.  The Court agrees that the harm alleged in Count XIII would have occurred in Tennessee. This claim, therefore, arises under Tennessee law.

**B.  Whether "potential eBay bidders" constitutes an "identifiable class" under Tennessee law.**

Tennessee courts have adopted the view of the Restatement (Second) of Torts § 766B comment c, which provides protection against intentional interference of prospective valuable contractual relations, including continuing business relationships not amounting to a formal contract.  See Trau-Med of Am., Inc. v. Allstate Ins. Co., 71 S.W.3d 691, 701 n.4 (Tenn. 2002).  Liability can be imposed on the interfering party if plaintiff can demonstrate that: (1) it had an existing business relationship with specific third parties or a prospective relationship with an identifiable class of third persons; (2) the defendant had knowledge of that relationship and not a mere awareness of the plaintiff's business dealings; (3) the defendant had intent to cause the breach or termination of the

business relationship; (4) the defendant had improper motive or improper means; and (5) that damages resulted from the tortious interference.  Id. at 701.  Cook argues that Britton is unable to establish the first element.

Unlike Maryland, Tennessee does not require a plaintiff to identify specific individuals when making a tortious interference with prospective business relations claim.  Assist-2-Sell, Inc. v. Assist-2-Build, LLC, no. 1:05-193, 2005 WL 3333276, at *7 (E.D. Tenn. Dec. 6, 2005) (citing Crinkley v. Dow Jones & Co., 67 Ill. App. 3d 869, 878 (Ill. App. Ct. 1978)).  To survive a motion to dismiss, courts in Tennessee simply require that the allegations of the complaint be sufficient to allow the factfinder to infer that the plaintiff had an existing relationship or a prospective relationship with an identifiable class of retail customers.  Ferrell v. Addington Oil Corp., no. 2:08-cv-74, 2010 WL 3283029, at *8 (E.D. Tenn. Aug. 18, 2010) (emphasis added).  Unfortunately, Tennessee courts have not specifically defined the word "identifiable."  Assist-2-Sell, 2005 WL 3333276 at *6.  Courts have found it significant, however, that in Trau-Med of America the Tennessee Supreme Court used the word "identifiable" instead of "identified," suggesting that it is not necessary for the plaintiff to name select classes of third persons to survive a motion to dismiss. Assist-2-Sell, 2005 WL 3333276 at *7.

District courts in Tennessee have examined on several

occasions the issue of whether an "identifiable class" was

sufficiently specified.  In Assist-2-Sell, the defendants

provided consulting services to new home builders.  In a

counterclaim, the defendants alleged that the plaintiff

interfered with their business relations when the plaintiffs

removed signs advertising the defendant's services and disrupted

defendant's open house.  2005 WL 3333276 at *7.  The court held

that the counterclaim was sufficient to survive a motion to

dismiss, reasoning that the identifiable class of prospective

customers included "potential homebuilders and persons in need

of realty consulting services".  See id.

Just recently in PPG Industries v. Payne, no. 3:10-cv-73,

2012 WL 1836314, at *4 (E.D. Tenn. May 21, 2012), the District

Court for the Eastern District of Tennessee held that defendants

sufficiently identified a class of prospective third persons

when they alleged (in a counterclaim) that the plaintiff

interfered with prospective "paint-buying customers."  The court

held that defendants, who had recently left the plaintiff's

employ, had an identifiable base of customers with whom they

were knowledgeable from their prior employment: "Defendants know

the local paint business and no doubt would have had an

identifiable base of customers for their new business."  See

also Fifth Third Bank v. Steve Hulen Const., LLC, no. 3:11-0035,

2011 WL 2433711 at *7 (M.D. Tenn. June 14, 2011) (holding that
the plaintiffs specified an identifiable class of third persons
when they claimed the defendant interfered with their relations
with the "Williamson County banking community").

In a decision upon which Cook heavily relies, Golf Sci.
Consultants, Inc. v. Cheng, no. 3:07-cv-152, 2009 WL 1256664, at
*10 (M.D. Tenn. May 4, 2009), the District Court for the Middle
District of Tennessee did hold that "[g]eneralized references to
third parties simply fail[] to meet the specificity required to
satisfy this element."  The plaintiff in Golf Science
Consultants, however, simply alleged that "[d]efendants' actions
constitute tortious interference with its business
relationships" without expressly identifying what third party
business relationships upon which it based its claim.  Id.  In
light of that deficiency, the court held that the plaintiff's
pleading did not present sufficient evidence of specific third
parties, as required by Trau-Med of America.  See id.

In the case at hand, Britton alleges that Cook interfered
with his prospective economic relations with potential eBay
customers.  Cook argues that the scope of the class of
"potential eBay customers" is so vast and unknown that it cannot
be considered an identifiable class.  Cook also argues that
Britton's business is not limited by geography and notes that
there are more than 100 million eBay users.

7

Cook's geographic limitation argument has some merit.  The cases cited above do have an implicit local element where the prospective customers were generally limited to those within the geographic location of each business.  Here, the customers are not limited by geographic location.  They are, however, limited by market specificity.  In other words, of those 100 million eBay users, prospective customers would only include those in the market for horse tack and it is a fair inference that this market is significantly less than 100 million.  It is also a fair inference that, like the counterplaintiffs in <u>Payne</u>, Cook had an identifiable base of customers with whom he was familiar from his prior dealings.  At least at this stage in the proceedings, the Court concludes that Britton has sufficiently specified an identifiable class.

## IV. CONCLUSION

For these reasons, Counterclaim Defendants' Motion to Dismiss will be denied.


_____/s/_____
William M. Nickerson
Senior United States District Judge


DATED: June 28, 2012